IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID A. SCHLEMM,

                             Plaintiff,                             OPINION AND ORDER

    v.

                                                                 24-cv-732-wmc

STEPHEN MURPHY, RACHEL,
DIVINE SAVIOR HOSPITAL,
LARRY FUCHS, KYLE ZENK,
ERIC PETERS, RYAN BLOUNT and
JANE AND/OR JOHN DOES,

                             Defendants.

       Plaintiff David Schlemm, who is incarcerated and represents himself, has filed a proposed complaint under 42 U.S.C. § 1983, alleging that prison employees at Columbia Correctional Institution violated his First Amendment rights by issuing him a false conduct report in retaliation for previous complaints and lawsuits he had filed.  Because plaintiff is a prisoner who seeks leave to proceed in forma pauperis, the court must screen and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such claims. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, a pro se plaintiff must still allege enough facts to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  For the reasons explained below, the complaint will be dismissed for failure to state a claim.

ALLEGATIONS OF FACT[1]

In May 2021, while Schlemm was incarcerated at Columbia Correctional Institution, Schlemm filed a civil action against defendants Stephen Murphy, a podiatrist, and Larry Fuchs, the warden at CCI, contending that they had failed to provide him with adequate medical treatment for scar tissue on his foot. Sometime between May 2021 and July 2021, Schlemm received a letter from Dr. Murphy's office stating that he had missed an appointment. Schlemm then filed an inmate complaint about missing the appointment, attaching the letter from Dr. Murphy.

During the investigation of Schlemm's inmate complaint, someone in the Health Services Unit reported that Dr. Murphy's office does not send letters to inmates. Schlemm Defendant CO Eric Peters then issued Schlemm a conduct report for counterfeiting and forgery, accusing him of forging the letter from Dr. Murphy's office. Defendant Security Director Ryan Blount authorized the conduct report as a "major conduct report" and a due process hearing was scheduled. Schlemm asked his assigned staff representative to call witnesses and present evidence at the hearing, including that Dr. Murphy's office routinely sent letters to inmates who missed appointments, but she declined to investigate on his behalf. Schlemm complained to defendant Warden Fuchs about the conduct report and his staff representative, but Fuchs merely responded that Schlemm could appeal if he was unhappy with the outcome of the hearing. At the hearing, the conduct report was dismissed.

---

[1] Unless otherwise indicated, the allegations of fact in plaintiff's complaint are taken as true for purposes of screening.

OPINION

Plaintiff claims that defendants issued the inmate complaint for counterfeiting and forgery in retaliation for his previous inmate complaints and lawsuits against Dr. Murphy, Warden Fuchs and other prison staff. To state a First Amendment retaliation claim, plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was at least a motivating factor in defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff's allegation that he filed inmate complaints and federal lawsuits is sufficient to satisfy the first element of a retaliation claim. However, his retaliation claim fails on the second element, because "[a] single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action." *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) (affirming dismissal of the plaintiff's retaliation claim on allegations that a defendant "filed an unjustified disciplinary charge, which another [d]efendant upgraded to a 'major offense' " where "[t]he charge was later dismissed"); *see also Czapiewski v. Zimkiewicz*, 768 F. App'x 579, 582 (7th Cir. 2019) (noting that the "conduct report was dismissed after a hearing and [the plaintiff] was not disciplined, so he did not suffer any 'deprivation'"). Here, although plaintiff complains that the conduct report was false and he was unable to present the witnesses and evidence that he wanted to at the due process hearing, he admits that the conduct report was dismissed. The dismissal undermines any inference that plaintiff suffered a deprivation that would likely deter future First Amendment activity. Thus, plaintiff cannot proceed on a First Amendment retaliation claim.

Absent a viable claim, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915A(b). The Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, the complaint will be dismissed without prejudice to plaintiff filing an amended complaint, if he wishes to do so, within 30 days.

ORDER

IT IS ORDERED that plaintiff David Schlemm's complaint is DISMISSED without prejudice to plaintiff's filing an amended complaint no later than September 5, 2025. If plaintiff does not file an amended complaint within the time allowed, this case will be dismissed with prejudice under 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted.

Entered this 7th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge